IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIELLE (STILLWELL) NEWLON *and* )
TYLER NEWLON, *her husband,*               )
                Plaintiffs,            )     Civil Action No. 13-1213
                                        )
    vs.                                    )     Judge Mark R. Hornak/
                                          )     Magistrate Judge Maureen P. Kelly
WILLIAM S. DAVIS, JR. *and* THE           )
BOROUGH OF WHITAKER,                    )     Re: ECF Nos. 10 and 13
                Defendants.            )

## REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

Plaintiffs, Danielle (Stillwell) Newlon ("Plaintiff") and her husband, Tyler Newlon, have brought this civil rights action against William S. Davis, Jr. ("Davis") and the Borough of Whitaker ("the Borough") (collectively, "Defendants") raising claims stemming from a traffic stop involving Plaintiff on June 27, 2012.

Presently before the Court is the Borough's Partial Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement Under Federal Rules of Civil Procedure 12 (B)(6), 12 (E), and 12(F), [ECF No. 10], and a Partial Motion to Dismiss, Motion to Strike and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12(b)(6), 12(e) and 12(f), [ECF No. 13], submitted by Defendant Davis.  For the reasons that follow, it is respectfully recommended that both Motions to Dismiss be granted in part and denied in part.

## II.    REPORT

### A.    FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, Plaintiff was driving a white BMW with tinted windows in the Borough on June 27, 2012, when an unmarked police cruiser with flashing lights

pulled behind her vehicle.  [ECF No. 1 at ¶¶ 8, 10, 13, 27].  Plaintiff pulled her vehicle over to the side of the roadway and observed Davis, who was wearing shorts and a t-shirt with no visible identification, approaching.  Plaintiff alleges that she did not believe Davis to be police officer and became fearful.  [Id. at ¶¶ 14, 15].  Consequently, Plaintiff pulled her vehicle away from the traffic stop and drove down the roadway to a more public venue and called 911.  [Id. at ¶ 16].

When Davis approached the vehicle the second time, he had his duty weapon drawn, was holding a Taser and shouting at Plaintiff to roll her window down.  [Id. at ¶ 20].  Plaintiff inadvertently lowered the rear driver's side window at which time Davis took his duty weapon and proceeded to shatter the front driver's side window of the vehicle while Plaintiff was seated in the driver's seat.  Davis then pointed his weapon at Plaintiff and shouted for her to open the door.  [Id. at ¶¶ 21, 23].  After Plaintiff exited her vehicle, Davis forced Plaintiff to lay face down on the pavement with her hands stretched out in front of her and was subsequently handcuffed.  [Id. at ¶¶ 24, 26].  Plaintiff was then taken to the Whitaker police station where Davis informed Plaintiff that he had been searching for a vehicle that matched the description of Plaintiff's vehicle and that she would be charged with fleeing and eluding a police officer.  [Id. at ¶¶ 27, 29].  Plaintiff apparently told Davis that she could not afford to have a felony criminal charge brought against her because she was in the process of obtaining her real estate license. Davis then called the Borough Police Chief to discuss the incident and Plaintiff's concerns about her real estate license.  Thereafter, Davis offered Plaintiff the option of being criminally charged or taking full responsibility for the incident including paying for the damage to her car window and to Davis' gun.  [Id. at ¶¶ 30, 31].  Plaintiff agreed to accept responsibility rather than being charged.  At Davis' direction, Plaintiff then wrote out a statement and was released from custody.  [Id. at ¶ 32].

Plaintiff alleges that Davis subsequently "began to contact" her demanding restitution for the damaged firearm and that during these conversations Davis made intimidating comments including threatening to have Tyler Newlon arrested. [Id. at ¶¶ 35, 36]. Plaintiff consequently contacted the Allegheny County District Attorney's Office which ultimately brought charges against Davis for official oppression, making false statements to authorities, criminal mischief and attempted theft by extortion. [Id. at ¶ 37]. In the interim, Davis continued to harass Plaintiff regarding the repair of his gun through a series of texts and telephone messages which culminated on July 2, 2012, when Plaintiff informed Davis that she had contacted the District Attorney's Office and had been advised not to speak with Davis. [Id. at ¶ 38]. Davis subsequently filed the criminal charges against Plaintiff. The charges were eventually withdrawn. [Id. at ¶¶ 38, 59].

Plaintiffs filed the instant Complaint on August 22, 2013, bringing claims for Federal Civil Rights/Constitution Claims (Count I); Malicious Prosecution (Count II); Assault and Battery (Count III); Intentional Infliction of Emotional Distress (Count IV); Negligence (Count V); and Loss of Consortium (Count VI). [ECF No. 1]. On October, 28, 2013, the Borough filed a Partial Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement Under Federal Rules of Civil Procedure 12 (B)(6), 12 (E), and 12(F), [ECF No. 10], and Davis filed a Partial Motion to Dismiss, Motion to Strike and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. (12(b)(6), 12(e) and 12(f). [ECF No. 13]. Plaintiffs responded to both Motions on November 27, 2013, [ECF Nos. 16, 17], and on December 10, 2013, Defendants filed their respective reply briefs. [ECF Nos. 19, 20]. As such, both Motions to Dismiss are ripe for review.

## B.      STANDARD OF REVIEW

### 1.      Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265, 286 (1986).   Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

### 2.      Motion for More Definite Statement Pursuant to Fed. R. Civ. P. 12 (e)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). See Schaedler v. Reading Eagle Publ'n, Inc., 370 F.2d 795, 798 (3d Cir. 1967). "Because Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim, motions for a more definite statement are 'highly disfavored.'" Jankowski v. Fanelli Bros. Trucking Co., 2014 WL 690861 at *10 (M.D. Pa. Feb. 24, 2014), *quoting* Country Classics at Morgan Hill Homeowners' Ass'n v. Country Classics at Morgan Hill, LLC, 780 F. Supp. 2d 367, 370–71 (E.D. Pa. 2011). "[T]he pleading . . . must be so vague or ambiguous that the opposing party cannot respond to it, even with a simple denial as permitted by Rule 8(b), with a pleading that can be interposed in good faith or without prejudice to himself." Rutt v. City of Reading, PA, 2014 WL 988570, at *1 (E.D. Pa. Mar. 13, 2014), *quoting* 5C Wright & Miller Fed. Prac. & Proc. Civ. § 1376 (3d ed.). "Typically, the court restricts the use of this motion to pleadings suffering from unintelligibility rather than the want of detail." Id., *quoting* Retzlaff v. Horace Mann Ins., 738 F. Supp. 2d 564, 568–69 (D. Del. 2010) (citations omitted).

### 3.      Motion to Strike Pursuant to Fed. R. Civ. P. 12(f)

As set forth by this Court in Reardon v. ClosetMaid Corp., 2013 WL 6231606, at *4 (W.D. Pa. Dec. 2, 2013) (Hornak, J.):

> "Federal Rule of Civil Procedure 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." Craker v. State Farm Mut. Auto. Ins. Co., 2011 WL 1671634, at *5 (W.D. Pa. May 3, 2011) (citation omitted). Motions to strike under Rule 12(f) are committed to the discretion of the district court, but will usually be denied unless the allegations have

no possible relation to the controversy, will cause unfair prejudice, or will confuse the issues in the case. Adams v. Cnty. of Erie, 2009 WL 4016636, at *1 (W.D. Pa. Nov. 19, 2009) (citations omitted).

## C. DISCUSSION[1]

### 1. Federal Civil Rights/Constitutional Claims (Count I)

#### a. Tyler Newlon's Claims

At Count I of the Complaint, Plaintiffs bring "Federal Civil Rights/Constitutional Claims" against Defendants. Defendants argue that to the extent that such claims are brought by Tyler Newlon they are properly dismissed because the Complaint is devoid of any allegations that he suffered a constitutional deprivation and that he is unable to recover for constitutional violations sustained by Plaintiff. In so arguing, Defendants rely principally on Pahle v. Colebrookdale Twp., 227 F. Supp. 2d 361 (E.D. Pa. 2001), in which the Court found it to be well-established that a husband or wife has no standing to raise Section 1983 claims based on violations the constitutional rights of his or her spouse. Id. at 381. The Court also found, however, that "spouses possess a liberty interest under the Due Process Clause which entitles them to pursue happy, intimate association free from unlawful government intrusion," id. at 383, and that under Third Circuit precedent, "a husband or wife should be able to claim violations of his or her *own* constitutional rights under § 1983 for unlawfully, government imposed injuries to a spouse that have a devastating impact on their marriage; namely, he or she can allege deprivation of consortium without Due Process of law." Id. at 381 (emphasis in original). In Pahle, the Court nevertheless found that, although the plaintiff-wife in that case had arguable pled a state loss of consortium claim, she had failed to allege sufficient facts to sustain a due process claim or that would show that her own constitutional rights had been violated. Id. at 383.

---

[1] It is noted here that the Borough and Davis have raised virtually identical arguments in their respective Motions. As such, unless otherwise indicated, the Court's discussion pertains to both Motions.

In the instant case, Tyler Newlon has similarly failed to state an individual constitutional claim. Notwithstanding his state loss of consortium claim, there is nothing in the Complaint to suggest that his constitutional rights were violated. Indeed, the only allegations in the Complaint relative to Tyler Newlon are that when he asked Defendant Davis why Plaintiff should be responsible for repairing his duty weapon, Davis threatened to arrest him, and that he has suffered emotional distress as a result. [ECF No. 1, ¶¶ 36, 68 b]. Moreover, Tyler Newlon appears to admit as much in his responsive brief arguing only that his claim at Count I should remain viable because he has set forth a claim for emotional distress as a result of Davis' comment to him and a state loss of consortium claim. [ECF No. 18, pp. 6-7]. Claims for emotional distress and loss of consortium, however, do not rise to the level of a constitutional violation. As such, Tyler Newlon's claims brought at Count I of the Complaint are properly dismissed.

### b.    Lack of specificity

With respect to Count I, Defendants also argue that they are entitled to a more definite statement regarding the constitutional claims being advanced by Plaintiffs. In particular, Defendants object to the "lack of specificity as to which constitutional claims are being advanced by which Plaintiff and against which defendant." [ECF No. 11, p. 7].

Having found that the Complaint is devoid of any allegations that Tyler Newlon suffered a constitutional deprivation and thus is not a proper plaintiff in Count I, it follows that the constitutional claims asserted in Count I are brought by Plaintiff. Furthermore, although not a model of clarity, review of the Complaint shows that the allegations in Count I are not so vague, ambiguous or unintelligible that Defendants are unable to discern which constitutional claims

Plaintiff is asserting against them. Accordingly, Defendants' Motions to Dismiss relative to Plaintiff's claims should be denied.

### 2. Negligence Claim (Count V)

Plaintiff alleges at Count V of the Complaint that Defendants breached a duty of care owed to Plaintiff and that the Borough, in particular, breached a duty to train, supervise and discipline Borough officers. [ECF No. 1, ¶¶ 92-94].

Under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8241, *et seq.* ("the Tort Claims Act"), "no local agency shall be liable for any damages on account of any injury to person or property cause by an act of the local agency or an employee thereof or any other person." 42 Pa. C.S. § 8541. The Tort Claims Act also provides that an employee of a local agency enjoys the same immunity as the agency itself. 42 Pa. C.S. § 8545. Although the Tort Claims Act enumerates eight specific exceptions to these rules, none of them apply here. 42 Pa. C.S. § 8542(b).[2] See Verde v. City of Philadelphia, 862 F. Supp. 1329, 1337 (E.D. Pa. 1994) (The eight enumerated exceptions to immunity provide the sole categories of liability for local agencies).

Although Plaintiff points out that immunity is also lost if it "is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct," 42 Pa. C.S.A. § 8550, this exception only abrogates the immunity afforded individual employees and not that afforded the local agencies which employ them and thus does not serve to strip the Borough of its immunity. See Wakshul v. City of Philadelphia, 998 F. Supp. 585, 588 (E.D. Pa. 1998). See also Gremo v. Karlin, 363 F. Supp. 2d

---

[2] Those exceptions are where the agency or an employee thereof was acting within the scope of his duties with respect to: 1) vehicle liability; 2) care, custody, or control of personal property; 3) real property; 4) trees, traffic controls and street lighting; 5) utility service facilities; 6) streets; 7) side-walks; and 8) care, custody, or control of animals. 42 Pa. C.S. § 8542(b).

771, 793 (E.D. Pa. 2005). Moreover, with respect to Defendant Davis, the United States Court of Appeals for the Third Circuit has found that the Tort Claims Act only deprives public employees of immunity for intentional torts and not for those sounding in negligence. Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (2001). See Gremo v. Karlin, 363 F. Supp. 2d at 794 ("all claims that the individual defendants were negligent under state law are barred by the Tort Claims Act"). Because none of the exceptions to immunity under the Tort Claims Act apply to Plaintiff's claim for negligence brought at Count V of the Complaint, that claim should be dismissed.

### 3. Loss of Consortium Claim (Count VI)

Defendants also argue that Tyler Newlon's state law claim for loss of consortium should be dismissed as, under the circumstances of this case, it is not a viable cause of action. The Court agrees.

"In Pennsylvania, a loss of consortium means a loss of the company, society, cooperation, affection and aid of a spouse in every conjugal relation. . . . It includes not only material services, but intangibles such as society, guidance, companionship and sexual relations." Pahle v. Colebrookdale Twp., 227 F. Supp. 2d at 374-75 (internal citations omitted). Accordingly, a husband who suffers a loss of consortium does not himself sustain physical injury but rather suffers damaged marital expectations as a result of the injuries to his wife. Id. See Thomas v. Shutika, 2012 WL 4050005, at * 2 (M.D. Pa. Aug. 24, 2012), *Report and Recommendation adopted by* 2012 WL 4050021 (M.D. Pa. Sept. 13. 2012); Sprague v. Kaplan, 392 Pa. Super. 257, 258-59, 572 A.2d 789, 790 (1990). Loss of consortium is a derivative claim and, therefore, is wholly dependent on the success of the underlying claim asserted by the injured wife. Id. *citing* Kryeski v. Schott Glass Technologies, Inc., 426 Pa. Super. 105, 119, 626 A.2d

595, 602 (1993). In addition, because a cause of action for loss of consortium is predicated on damage suffered to the marital expectations, it necessarily follows that the injury must have occurred following a marriage. Vazquez v. Friedberg, 431 Pa. Super. 523, 526-27, 637 A.2d 300, 301 (1994). See Sprague v. Kaplan, 392 Pa. Super. at 260, 572 A.2d at 791, *quoting* Comstock v. Kleckner, 49 Pa. D&C. 3d 465, 468-69 (1988) ("[t]o accord consortium to an unmarried plaintiff is to force upon him or her a status which he or she had not, at the time of the injury, asserted . . .").

Here, Plaintiffs do not dispute that a loss of consortium claim is unavailable to a party who was not married at the time of the injury; nor do they dispute that they were not married at the time Plaintiff was stopped by Davis and detained. See [ECF No. 18, p. 11]. Rather, Plaintiffs argue that, because the intimidation and harassment continued after the traffic stop and after they were married, Tyler Newlon's claim for loss of consortium should somehow survive. However, Plaintiffs provide no support or their position.

Furthermore, Plaintiffs failed to address Defendants' arguments that Tyler Newlon's loss of consortium claim is otherwise unavailable because it is a derivative claim and cannot be predicated on Plaintiff's Section 1983 claim or Plaintiff's claim for negligence. Indeed, as recently found by the United States District Court for the Middle District of Pennsylvania:

> [I]t is well-settled that, as a general rule, "there is no authority to permit spousal recovery for loss of consortium based on violations of the other spouse's civil rights. . . ." In particular, "there is no authority to consider a loss of consortium claim deriving from a claim of injury by an injured spouse brought pursuant to 42 U.S.C. § 1983. The purpose of section 1983 claims, as intended by Congress, was to provide a federal forum to remedy deprivations of civil rights. It was intended to create 'a species of tort liability' in favor of persons deprived of federally secured rights . . . not to provide a mechanism for vindication of state torts derived from another's section 1983 claim." . . . Thus, "although there is limited case law on this issue, the federal courts almost unanimously have dismissed loss of consortium claims based upon federal civil rights violations."

<u>Thomas v. Shutika</u>, 2012 WL 4050005, at * 1 (internal citations omitted).  Accordingly, to the extent that Tyler Newlon's loss of consortium claim is predicated on Plaintiff's civil rights claim brought at Count I, it is properly dismissed.

Although it appears undisputed that Tyler Newlon may maintain a loss of consortium claim insofar as it derives from Plaintiff's right to recover in tort, as already discussed, it appears that Plaintiff's claim of negligence is properly dismissed.  Thus, to the extent that Newlon's loss of consortium claim is based on Plaintiff's negligence claim, it too must fail.

Furthermore, the Court notes that, although not argued by Defendants in their initial briefs, the Complaint filed in this matter is completely devoid of any facts to support a loss of consortium claim.  Tyler Newlon has not alleged that he has suffered the loss of his wife's company, society, cooperation, affection, guidance or sexual relations.  Tyler Newlon's mere conclusion that he has "suffered a claim for loss of consortium as recognized by Pennsylvania law," falls woefully short of raising the right to relief above the speculative level and the claim should be dismissed.

### 4. Motion to Strike Paragraphs 37, 39-43, 45-46 of the Complaint[3]

Defendants argue that the following paragraphs of the Complaint should be stricken pursuant to Federal Rule of Civil Procedure 12 (f): paragraphs 37, 45 and 46, pertaining to the criminal charges pending against Defendant Davis; paragraphs 39-41, pertaining to efforts to resolve the dispute prior to filing the Complaint; and paragraphs 42 and 43, pertaining to Davis' conveyance of real property to a relative after he was placed on notice of Plaintiffs' claims.

As this Court has recently found:

---

[3] Although Davis has asked that paragraphs 37, 39-43 and 45-46 of the Complaint be stricken, the Borough asks the Court to strike only paragraphs 39-43.

> a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. Immaterial matter has no essential or important relationship to the claim for relief. *Conklin v. Anthou*, 2011 WL 1303299, at *1 (M.D. Pa. Apr. 5, 2011). Impertinent matter comprises allegations that do not pertain, and are not necessary, to the issues in question. *In re Shannopin Mining Co.*, 2002 WL 31002883, at *28 (W.D. Pa. Jul. 25, 2002). Rule 12(f) may not serve as an avenue to procure the dismissal of all or part of a Complaint. *Giles v. Phelan, Hallinan & Schmieg, L.L.P.*, 901 F.Supp.2d 509, 530–31 (D.N.J. 2012). Striking some or all of a pleading is considered a drastic remedy to be granted only when required for the purposes of justice. *Adams v. Cnty. of Erie*, 2009 WL 4016636, at *1 (W.D. Pa. Nov. 19, 2009). A Rule 12(f) motion will therefore be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case. *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 243 (E.D. Pa. 2012).

Davila v. Northern Regional Joint Police Bd., ___ F. Supp. 2d ___, 2013 WL 5724939, at *4

(W.D. Pa. Oct. 21, 2013) (Hornak, J.).

With these concepts in mind, it does not appear that striking the paragraphs cited by Defendants in this case is warranted. Defendants do little more than cite Fed. R. Civ. P. 12 (f) and then simply state that the cited allegations are immaterial and/or prejudicial. At this early stage of the litigation, however, the Court is unable to conclude that the allegations to which Defendants refer have no possible relation to the controversy or that justice requires that they be stricken. The referenced allegations do not confuse the issues in the case.[4] Accordingly, Defendants' Motions to Strike should be denied.

## D.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Borough's Partial Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement Under Federal

---

[4] In particular, the Court notes that the actions of Davis, which provide the basis for the criminal charges brought against him, are at the very heart of this controversy and the fact that Davis' trial has not yet taken place (it is currently scheduled for June 11, 2014) does not alter that fact. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994) (in resolving a Rule 12(b)(6) motion to dismiss, courts may take judicial notice of public records, court orders and exhibits which are attached to the complaint). See also http://ujsportal.pacourts.us/DocketSheets/CP.aspx.

Rules of Civil Procedure 12 (B)(6), 12 (E), and 12(F), [ECF No. 10], and Davis' Partial Motion to Dismiss, Motion to Strike and Motion for More Definite Statement Pursuant to Fed. R. Civ. P. (12(b)(6), 12(e) and 12(f), [ECF No. 13], be granted with respect to the constitutional claims brought by Plaintiff Tyler Newlon at Count I, the claims for negligence brought by Plaintiff Danielle (Stillwell) Newlon at Count V, and the loss of consortium claim brought by Plaintiff Tyler Newlon at Count VI. It is further recommended that the Motions be denied insofar as Defendants seek a more definite statement at Count I and to strike paragraphs 37, 39-43 and 45-46 of the Complaint.[5]

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE


Dated: May 5, 2014

cc:     The Honorable Mark R. Hornak
        United States District Judge

        All Counsel of Record Via CM-ECF

---

[5] Should this Court adopt the findings set forth in this Report and Recommendation, the claims remaining would be the constitutional claims brought by Plaintiff against Defendants Davis and the Borough at Count I of the Complaint, and Plaintiff's claims brought against Davis for malicious prosecution, assault and battery, and intentional infliction of emotional distress brought at Counts II, II and IV, respectively.